**NOT FOR PUBLICATION**                                                                 **CLOSED**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DON NICHOLS<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>GREG BARTKOWSKI<br><br>Respondents. | Civil Action No.: 10-3681<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Respondent United States of America's (the "Government") motion to dismiss (the "Government's Motion") Petitioner Don Nichols' ("Petitioner") amended writ of habeas corpus ("Petitioner's Amended Writ of Habeas Corpus") under Title 28 United States Code section 2241. Petitioner currently is in custody at the New Jersey State Prison in Trenton, New Jersey. For the reasons set forth below, this Court grants the Government's Motion.

**I**

On March 9, 1995, Petitioner was charged with the malice murder of a fellow inmate in the United States Penitentiary in Florence, Colorado. On May 23, 1995, Petitioner signed a plea agreement with the Government (the "Plea Agreement") pursuant to which Petitioner pled guilty and

1

agreed to testify against a co-conspirator involved in the murder. In exchange, the Government agreed to "strongly recommend" that Petitioner serve Petitioner's prison sentence in a state penitentiary, as opposed to a federal penitentiary. On October 27, 1995, the United States District Court for the District of Colorado sentenced Petitioner to 420 months of incarceration, in addition to the prison sentence that Petitioner was already serving for armed robbery. Petitioner alleges that the Government breached the Plea Agreement more than one year after Petitioner and the Government entered into the Plea Agreement.

<u>November 2000, Section 2241 Writ of Habeas Corpus</u>

In November 2000, Petitioner filed a section 2241 writ of habeas corpus in the United States District for the District of Colorado. Petitioner contended that the Government breached the Plea Agreement by failing to timely challenge his transfer to federal prison. In addition, Petitioner maintained that Petitioner did not knowingly and voluntarily enter into the Plea Agreement and that he received ineffective assistance of counsel with respect to the execution of the Plea Agreement. The District of Colorado rejected Petitioner's claims under section 2255 as time-barred.[1] The Tenth

---

[1] A federal prisoner who seeks to challenge the validity of his conviction or the imposition of his sentence must do so in "the court which imposed the sentence" under section 2255. *See Funari v. U.S. Parole Comm'n*, 531 F.3d 241, 254 (3d Cir. 2008). Generally, a federal prisoner must use section 2255 instead of seeking a writ of habeas corpus under section 2241. *See United States v. Brooks*, 230 F.3d 643, 646 (3d Cir. 2000) (*citing United States v. Hayman,* 342 U.S. 205, 223 (1952)). If a Petitioner can show that a section 2255 petition is "inadequate or ineffective" however, then he may file a writ of habeas corpus under section 2241. *See* 28 U.S.C. § 2255 (e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"). Additionally, pursuant to section 2255, a one year period of limitation applies to a motion under this section which may run until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* § 2255

Circuit affirmed the District of Colorado's decision.

### April 2002, Section 2255 Petition to Vacate Sentence

In April 2002, Petitioner filed in the United States District Court for the District of Colorado a section 2255 petition to withdraw the Plea Agreement. The District of Colorado dismissed this petition as being successive. The Court construed Petitioner's prior November 2000 motion as a section 2255 petition (as it was re-labeled) as opposed to a writ of habeas corpus brought under section 2241 (as Petitioner had initially labeled it). Petitioner was then transferred to a state prison facility in Minnesota.

### February 2003, Section 2241 Writ of Habeas Corpus

In February 2003, Petitioner filed in the United States District Court for the District of Minnesota a petition for writ of habeas corpus under section 2241, in which Petitioner alleged that the Government materially breached the Plea Agreement. As part of this petition for writ of habeas corpus, Petitioner sought to withdraw the Plea Agreement. The District of Minnesota held that a writ of habeas corpus brought under section 2241 was an improper means of challenging the Plea Agreement and construed the section 2241 petition as a section 2255 petition. The District of Minnesota additionally denied Petitioner's section 2255 petition for being both successive and time-barred.

The United States Court of Appeals for the Eighth Circuit affirmed the District of Minnesota's decision. In particular, the Eighth Circuit affirmed that a section 2241 petition was not

---

(f)(4). Further, there are stringent requirements for filing a successive section 2255 writ; a court of appeals must find that there is new and exonerating evidence or a "new rule of constitutional law." *See* § 2255 (h).

the proper avenue for the relief Petitioner was seeking and the petition did not meet the requirements for filing a successive section 2255 petition.  The Eighth Circuit additionally rejected Petitioner's argument that Petitioner was barred from bringing a timely section 2255 petition because the Government breached the Plea Agreement after section 2255's one year period of limitation had run.  The Eighth Circuit held that Petitioner could have raised that issue in the litigation taking place in the District of Colorado, but Petitioner failed to do so.  According to the Eighth Circuit, because Petitioner could have raised – or did, in fact, raise these issues – in a prior section 2255 petition, Petitioner was barred from raising such issues in a section 2241 petition.

Petitioner contends that no court has addressed whether the Plea Agreement was breached.  Petitioner therefore seeks to withdraw the Plea Agreement pursuant to section 2241.

## II

The Government argues that Petitioner is collaterally estopped from seeking a rescission of the Plea Agreement pursuant to section 2241.  Collateral estoppel, or issue preclusion, prevents parties from re-litigating issues if a court possessing jurisdiction has already delivered a final judgment on the merits.  *See Witkowski v. Welch*, 173 F.3d 192, 198-99 (3d Cir. 1999).  Collateral estoppel "reliev[es] parties of the cost and vexation of multiple lawsuits, conserv[es] judicial resources, and, by preventing inconsistent decisions, [] encourag[es] reliance on adjudication." *Tice v. Bristol-Myers Squibb Co.*, 325 Fed. Appx. 114, 118 (3d Cir. 2009) (*quoting Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  Collateral estoppel applies only where: "(1) the identical issue [2] was previously adjudicated; [3] the issue was actually litigated; [4] the previous determination was necessary to the decision; and [5] the party being precluded from relitigating the issue was fully represented in the prior action." *Cospito v. Attorney Gen. of U.S.*, 539 F.3d 166, 171 (3d Cir. 2008)

(citations omitted).  For the reasons set forth below, this Court holds that collateral estoppel applies.

        <u>The Issues Are Identical</u>

        Petitioner previously brought a section 2241 petition before the United States District Court for the District of Minnesota.  *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).  In that section 2241 petition, Petitioner sought the withdrawal of the Plea Agreement.  *Ibid.*  The Eighth Circuit subsequently affirmed the district court's decision.  *See ibid*.  Here, Petitioner is seeking the same relief pursuant to the same statute that Petitioner presented to the District of Minnesota and Eighth Circuit.  In Petitioner's appellate brief before the Eighth Circuit, it was specifically stated: "On October 25, 2006, [Petitioner] filed the instant application, again claiming that the government materially breached the Plea Agreement, and once again the Court is labeling [Petitioner's] claim as a [section] 2255 claim.  [Petitioner] is not maintaining a collateral challenge to his conviction or sentence.  *[Petitioner] is asking for a withdrawal of his guilty plea as a remedy*."  Brief for Petitioner-Appellant at 12, *Nichols*, 553 F.3d 647 (No. 08-1330) (emphasis added).  Here, Petitioner is seeking the same remedy under the same statute.  In Petitioner's Amended Writ of Habeas Corpus, Petitioner again specifically and unequivocally states: "In the instant matter, exhaustion of administrative remedies is not necessary to proceed on a [section] 2241 petition because pursuing administrative remedies would be futile due to the fact that the administrator is not able to give Petitioner the relief he seeks - rescinding the plea agreement."  Thus, these issues are clearly identical.

        Petitioner alleges that no court has addressed his claims relating to an alleged November 8, 2008 breach of the Plea Agreement.  The Third Circuit has held that "[t]o produce absolution from collateral estoppel on the ground of changed factual circumstances, the changes must be of a

character and degree as might place before the court an issue different in some respect from the one decided in the initial case." *Anspach ex rel. Anspach v. City of Philadelphia*, 380 Fed.Appx. 180, 184 (3d Cir. 2010) (*quoting EEOC v. Am. Airlines*, 48 F.3d 164, 168 (5th Cir.1995)). Here, Petitioner again alleges that the Government has breached the Plea Agreement by transferring Petitioner to a federal prison. This does not change the ruling issued by the Eighth Circuit that it is improper for Petitioner to bring a section 2241 petition to challenge the validity of and withdraw the Plea Agreement. *See Nichols,* 553 F3d at 649. This issue was decided and precludes Petitioner from bringing a section 2241 petition to withdraw the Plea Agreement before this Court.[2] As the Eighth Circuit noted, a section 2241 petition may be brought to compel the Government to perform on the plea bargain, but section 2241 may not be invoked in order to withdraw a guilty plea, even one that has been breached. *See id.*

### There Was a Previous Adjudication

The Eighth Circuit held that a section 2241 petition was improper because Petitioner was seeking withdrawal of the Plea Agreement. *Nichols*, 553 F.3d at 649-50. In fact, the Eighth Circuit specifically held: "A claim attacking the validity of a guilty plea, and therefore the underlying sentence, is properly entertained in a section 2255 petition before the sentencing court." *Id.* at 649 (citing *Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir.2003)). For this reason, the Court construed Petitioner's section 2241 petition as a section 2255 petition and affirmed that the District of

---

[2] Petitioner also asserts that a section 2255 petition is inadequate and ineffective such that Petitioner may petition this Court under section 2241 and that the Government is wrong to claim otherwise. Even if Petitioner is correct in this assertion, Petitioner is nonetheless collaterally estopped from bringing the present petition to rescind the Plea Agreement pursuant to section 2241 due to an alleged breach.

Minnesota properly parsed Petitioner's language when the district court construed the claim as a section 2255 petition. *Id. at 650.* The Court then concluded that Petitioner's motion did not meet the stringent requirements for filing a successive section 2255 petition and that the District of Minnesota had properly refused to transfer what it read as a 2255 petition to the sentencing court. *Id.*

### The Issue Was Necessary to the Judgment

Without addressing and determining this key issue, the Eighth Circuit could not have rendered a valid final judgment on the merits. This Court reaches this conclusion because Petitioner brought the writ of habeas corpus under section 2241 specifically in order to request a rescission of the Plea Agreement. Thus, without deciding if section 2241 was the proper avenue for seeking such relief, the Eighth Circuit could not have reached a final judgment on the merits. Additionally, determining this issue led the Eighth Circuit to construe the section 2241 petition as a section 2255 petition and therefore deny Petitioner's motion. *Id.* at 649.

### The Issue Was Actually Litigated

In Petitioner's brief before the Eighth Circuit, Petitioner presented that the District of Minnesota had jurisdiction to hear his section 2241 petition and that Petitioner was "asking for a withdrawal of [the Plea Agreement] as a remedy." Brief for Petitioner-Appellant at 12, *id.,* (No. 08-1330). In response, the Government argued, among other things, that the claims were not cognizable in a petition pursuant to section 2241. *See* Brief for Respondent-Appellee at 6, *id.*, (No. 08-1330).[3] In the Petitioner's reply brief, Petitioner argued that Petitioner's claim was cognizable

---

[3] Petitioner's reply brief submitted to the Eight Circuit contradicted his appellate brief and included that Petitioner was not seeking to rescind the Plea Agreement. *See* Reply Brief for

as a section 2241 petition, as opposed to being construed as a section 2255 petition, because the alleged breach of the Plea Agreement related to the execution of Petitioner's sentence. *See* Reply Brief for Petitioner-Appellant at 1-2, *id.*, (No. 08-1330). Thus, the issue was presented before the Eighth Circuit, and both sides actually litigated it.

### Petitioner Was Fully Represented in the Prior Action

Further, Petitioner was a party to the action in the District of Minnesota and the Eighth Circuit, and there is no allegation that he was not properly represented. Thus, the Eighth Circuit's holding that a writ of habeas corpus brought under section 2241 is improper to challenge the validity of the Plea Agreement collaterally estops Petitioner from seeking the same relief from this Court.

### Petitioner's Due Process Claims Are Also Dismissed

Petitioner argues that the Eighth Circuit operated under misconceptions and violated Petitioner's due process rights by not addressing certain arguments. This Court does not have jurisdiction to review the Eighth Circuit's alleged mistakes. The proper procedure for addressing such issues is on appeal. *See Carter v. All Dist. Fed. Judges,* 415 Fed.Appx. 363, 365 (3d Cir. 2011) (noting that the proper vehicle for challenging prior resolutions is to file an appeal in those cases). What is significant is that the Eighth Circuit held that Petitioner could not bring a section 2241 petition in order to withdraw the Plea Agreement. *See Nichols*, 553 F.3d at 649.

---

Petitioner-Appellant at 1, *Nichols*, 553 F.3d 647 (No. 08-1330). Despite this, the Eighth Circuit interpreted Petitioner to be requesting a rescission of the Plea Agreement. *See Nichols*, 553 F.3d at 649. Additionally, Petitioner did in fact argue and present this issue in Petitioner's appellate brief before the Eighth Circuit. *See* Brief for Petitioner-Appellant at 12, *id.,* (No. 08-1330). Thus, for the purposes of collateral estoppel, this issue was actually litigated.

## III

This Court has reviewed all submissions. For the reasons set forth in the above Memorandum,

IT IS on this 3rd day of August 2011

ORDERED that the Government's Motion (Docket Entry 14) is granted.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.